**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-4111**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

DAVONTE J. COE,

        Defendant – Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Roderick Charles Young, District Judge. (3:23-cr-00061-RCY-1)

───────────────

Argued:  September 10, 2025           Decided:  November 12, 2025

───────────────

Before WILKINSON, THACKER, and HEYTENS, Circuit Judges.

───────────────

Affirmed by published opinion. Judge Heytens wrote the opinion, in which Judge Wilkinson and Judge Thacker joined.

───────────────

**ARGUED:** Joseph S. Camden, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Daniel J. Honold, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Ellen V. Hubbard, Special Assistant United States Attorney, Richmond, Virginia, Jacqueline R. Bechara, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

───────────────

TOBY HEYTENS, Circuit Judge:

Davonte J. Coe appeals the denials of motions to dismiss an indictment and to suppress evidence. We affirm.

We start with the facts, viewed "in the light most favorable to" the party that prevailed before the district court (here, the government). *United States v. Joseph*, 138 F.4th 797, 800, 802 (4th Cir. 2025). While patrolling alone at night, Officer Dquan Walker saw Coe sitting in the driver's seat of a car parked just outside the entrance to a convenience store known for "drug activity . . . inside and outside of the store." JA 106. Coe was holding plastic baggies that appeared to contain cocaine. There were other people on the scene, including one in the front passenger seat of Coe's car. Walker drew his firearm and opened the driver's side door. As Coe started getting out, Walker grabbed Coe and pinned him to the car. Walker holstered his firearm and drew his taser. Coe began to struggle and threw the baggies in front of the car. As Coe and Walker struggled, Walker saw a firearm in Coe's waistband.

Coe was charged with violating 18 U.S.C. § 922(g)(1). He filed two relevant pretrial motions: (1) to dismiss the indictment because Section 922(g)(1) violates the Second Amendment; and (2) to suppress the firearm because Walker used constitutionally excessive force. The district court denied those motions, and Coe entered a conditional guilty plea.

The district court correctly denied Coe's motion to dismiss the indictment. Coe does not assert that the conviction that prohibits him from possessing firearms has been "pardoned or [that] the law defining the crime of conviction [has been] found

2

unconstitutional or otherwise unlawful." *United States v. Hunt*, 123 F.4th 697, 700 (4th Cir. 2024) (quotation marks removed), cert. denied, 145 S. Ct. 2756 (2024). His Second Amendment challenge thus fails. See *id.*; see also *United States v. Canada*, 123 F.4th 159, 161–62 (4th Cir. 2024).

The district court also correctly denied Coe's motion to suppress the firearm. The court assumed for purposes of its decision that Walker's conduct violated the Fourth Amendment and declined to suppress the firearm on other grounds. But this Court "is not limited to the district court's reasoning" and may "affirm on any ground supported by the record." *United States v. Brown*, 701 F.3d 120, 125 (4th Cir. 2012) (quotation marks removed). We conclude the "seizure[]" challenged here was not constitutionally "unreasonable" and thus reach no other questions. U.S. Const. amend. IV.

The centerpiece of Coe's argument before us is that Walker violated the Fourth Amendment by "pointing his firearm, with no safety, with his finger on the trigger, into [ ] Coe's side and back as [Walker] held [Coe] against the car with his left elbow." Oral Arg. 6:36–:47. But the district court did not find that Walker pointed his firearm into Coe's side or back or that Walker had his finger on the trigger. (In fact, the latter issue was hotly contested at the suppression hearing.) As this Court has said many times, we review a district court's factual findings for clear error and must view the record on appeal in the light most favorable to the side that prevailed below. See, *e.g.*, *Joseph*, 138 F.4th at 800, 802. Coe's briefs do not assert—much less establish—that the district court committed clear error by *not* finding Walker had his finger on the trigger or pointed his firearm into Coe's side or back, and we cannot make such factual findings in the first instance.

3

Based on the findings the district court did make, we hold Walker's conduct did not violate the Fourth Amendment. See generally *Graham v. Connor*, 490 U.S. 386, 396–97 (1989). Walker was outnumbered, had probable cause to believe Coe was brazenly committing a serious drug offense in public, and drew his firearm for less than 30 seconds. "[J]udged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," we conclude it was not constitutionally unreasonable for Walker to briefly draw his firearm under the circumstances presented here. *Id.* at 396.

We close with one final point. At the suppression hearing, Walker testified he drew his firearm because, "[w]henever there's any type of crime that's committed, regardless of what type of crime it is, if you're going to encounter a person[,] . . . obviously best to go with the firearm first because you never know what that person has." JA 119–20. To be sure, Walker's subjective motivations are not relevant to the Fourth Amendment question before us. See *Graham*, 490 U.S. at 397–99. But Walker's declared philosophy about when to draw a weapon is not the law, and we denounce such views in the strongest possible terms. As this Court has explained, "unwarranted threat[s] of deadly force" can violate the Fourth Amendment. *Nazario v. Gutierrez*, 103 F.4th 213, 232 (4th Cir. 2024). And pointing a firearm at someone "is a threat with deadly force" that is "likely to instill fear" and can "needlessly escalate" a situation by "making it more dangerous for everyone involved." *Id.* Although we conclude—again, based on the facts found by the district court and given the applicable standards of appellate review—that Walker's conduct here was not constitutionally unreasonable, we emphasize that officers have no constitutional carte blanche to draw firearms "[w]henever there's any type of crime that's committed." JA 119.

4

*      *      *

The judgment is

AFFIRMED.

5